UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK

## NOTICE OF RELATED CASES

**Related cases defined** - A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning the cases to the same judge and magistrate judge.

Application is made to the District Court requesting that the case of :

A.T. v. Harder Dkt. No. 17-cv-00817

which was randomly assigned to the Honorable Thomas McAvoy, be reassigned

to the Honorable David Hurd based on the following reasons. Please note that General Order 12, Section G(5) discusses related cases and should be referenced prior to filing this notice.

See attached letter

Pursuant to Section G(5) of General Order 12, I have conferred in good faith with all other parties in an effort to reach an agreement on whether or not the case is related.

☐ All parties are in agreement

☑ Parties do not agree and opposition will be filed. After such application is made, any other party may serve and file within seven (7) calendar days a letter of no more than two pages supporting or opposing the application.

Submitted by: /s/ Joshua Cotter

Attorney for: Plainitffs

Date: August 8, 2017



# LEGAL SERVICES
## OF CENTRAL NEW YORK

*Making Justice Accessible*

August 8, 2017

VIA ECF

Hon. David N. Hurd
United States District Judge
Northern District of New York
Alexander Pirnie Building
10 Broad Street
Utica, NY 13501

Re:   A.T. v. Harder et. al.
      17-CV-0817(TJM)(DEP)

Dear Judge Hurd:

    I write to request A.T. v. Harder, Dkt. No. 17-cv-0817(TJM-DEP), be deemed a related case to our office's ongoing litigation involving substantially the same issues, V.W. v. Conway, Dkt. No. 16-cv-01150(DNH-DEP). I have conferred in good faith with counsel for the Sheriff's Defendants, and they have not agreed the cases are related.

    The relevant facts of both cases are nearly identical. The cases involve 16 and 17-year-old juveniles being locked in small cells 23 hours a day for weeks or months at a time. The juveniles are locked in either a special housing unit (SHU) or in their own cells. They are denied meaningful social interaction, mental health services, and education in accordance with federal and state law. The only "education" juveniles receive in both settings is a packet of worksheets. The juveniles incarcerated at both jails are regularly harassed by adult inmates. The only minor factual difference is, in A.T. the juveniles were subjected to the additional cruel practice of being shackled during recreation as a punishment for misbehavior in the SHU.

    The legal claims the Plaintiffs are bringing in A.T. are the same as the claims brought in V.W. The only additional claims the Plaintiffs in A.T. have brought are under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

    A substantial saving of judicial resources is likely to result from reassigning this case. The Court in V.W. has already done significant research into the case law and arguments that will be put forth by the plaintiffs in A.T. including but not limited to issues related to class certification, expert and medical opinions, and plaintiffs claims under the Individuals with Disabilities Education Act, Eighth Amendment, and Fourteenth Amendment. The Court heard oral argument on motions for class certification, a preliminary injunction, and summary judgment



*A member of the* JUSTICE ALLIANCE OF CENTRAL NEW YORK

**LEGAL SERVICES OF CENTRAL NEW YORK**
221 South Warren Street • Suite 300 • Syracuse, New York 13202 • PH: (315) 703-6500 • Toll Free: (866) 475-9967
TTY: (866) 475-3120 • FX: (315) 703-6520 (NOT FOR SERVICE OF PROCESS) • lscny.org

Page 2
August 8, 2017

and issued a lengthy decision addressing each of the claims which will be brought by the plaintiffs in A.T.

    For the foregoing reasons I request A.T. be deemed a related case and reassigned.

Respectfully,

/s/ Josh Cotter

Josh Cotter
Staff Attorney