UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

A.T., a minor, by and through his parent and
natural guardian SHA-KEEMA TILLMAN;
B.C., a minor, by and through his parent and
natural guardian KRISTI COCHARDO; on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

        v.

DAVID HARDER, Broome County Sheriff, in his
official capacity; MARK SMOLINSKY, Jail
Administrator of the Broome County Correctional
Facility, in his official capacity; KEVIN MOORE,
Deputy Administrator, in his official capacity; and
CHENANGO VALLEY SCHOOL DISTRICT,

                Defendants.

----------------------------------------------------------------x

**ATTORNEY DECLARATION IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

17-CV-1150 (DNH) (DEP)

       **JOSHUA T. COTTER**, an attorney admitted to practice law in the State of New York and in the Northern District of New York, declares under penalty of perjury as follows:

       1.     I am an attorney duly licensed to practice law in the State of New York, and am admitted to practice in the Northern District of New York. I am employed as a Staff Attorney for Legal Services of Central New York, Inc., counsel for Plaintiffs A.T.

1

and B.C. in this matter. As such, I am fully familiar with the facts and circumstances of this proceeding.

2.      I make this declaration in support of Plaintiffs' motion, pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, to certify (1) a class of all 16- and 17-year-olds who are now or will be incarcerated at the Broome County Correctional Facility; (2) a sub-class of all 16- and 17-year-olds with disabilities as defined by the Individual with Disabilities Education Act, who are now or will be incarcerated at the Broome County Correctional Facility, who are in need of special education and related services; and (3) a sub-class of 16 and 17 year olds with intellectual and/or psychiatric disabilities as defined by the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 who are now or will be incarcerated at the Broome County Correctional Facility, who are at risk of being placed in disciplinary segregation. This declaration identifies the named Plaintiffs and class counsel, and introduces the testimonial and documentary evidence cited in support of Plaintiffs' motion for class certification.

## OVERVIEW

3.      This class-action civil-rights lawsuit alleges violations, under color of state law, of rights secured by the Civil Rights Act of 1971, 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the United States Constitution, the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482, the Americans' with Disabilities Act, 42 U.S.C. § 12132 (ADA), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504). This action seeks systemic injunctive relief that is particularly appropriate for class certification.

2

4.      Plaintiffs assert class claims challenging the solitary confinement of 16-
and 17-year-olds at the Broome County Correctional Facility ( "the Jail"). Plaintiffs
allege that Defendants' policies, practices, and customs, *inter alia*: (1) demonstrate
deliberate indifference to a substantial risk of serious harm for juveniles, at the hands of
Defendants David Harder, Mark Smolinsky, and Kevin Moore ("Sheriff's Office"); (2)
deprive eligible juveniles of mandatory educational opportunities without due process;
(3) deprive juveniles with disabilities of a free and appropriate public education
("FAPE") and procedural protections guaranteed by federal law; and (4) fail to
reasonably accommodate juveniles with intellectual or psychiatric disabilities.

5.      Plaintiffs seek declaratory and injunctive relief on behalf of the class as a
whole, including permanent injunctive relief in the form of policies, procedures, training,
supervision and monitoring, requiring the Sheriff's Office to end the ongoing violations
of the Eighth and Fourteenth Amendments, the ADA, Section 504 of the Rehabilitation
Act and of the IDEA. Plaintiffs also seek a declaratory judgment that the challenged
policies, practices, and customs violate the United States Constitution and federal law,
and reasonable attorneys' fees.

## THE PLAINTIFFS AND PUTATIVE CLASS MEMBERS

6.      Named Plaintiffs and putative class members are juveniles who were held
at the Jail as pre-trial detainees who have alleged and put forth evidence to show that they
were placed at a substantial risk of serious harm from Defendants' disciplinary isolation
policies and deprived of education in violation of the law. Members of the IDEA Plaintiff
subclass have also alleged that they were deprived of FAPE and opportunity for a
manifestation determination review in violation of IDEA. Members of the ADA sub-class

3

allege the Jail discriminated against them by failing to modify their disciplinary policies and practices. They appear by and through their parents and natural guardians in this action. Because they are minors, Plaintiffs' counsel has redacted the following exhibits to comply with Rule 5.2 of the Federal Rules of Civil Procedure.

7.      As Plaintiff A.T describes in the declaration attached hereto as EXHIBIT 1, he has spent months in disciplinary isolation without meaningful access to environmental stimulation, social contact, or educational instruction or programming, or educational services that comply with his IEP. The idleness of isolation makes him feel extremely stressed and alone. His ADHD makes it especially hard to regulate his emotions. When A.T. attempted to bring his issues to the attention of Jail staff through the Jail's grievance process his pleas were ignored and his time in isolation continued.

8.      As Plaintiff B.C. describes in the declaration attached hereto as EXHIBIT 2, he has been in disciplinary isolation for months without meaningful access to environmental stimulation, social contact, educational instruction or programming, or educational services that comply with his IEP. His learning disabilities make it especially difficult for him. He describes the intense anxiety he experienced and suicidal ideations he had while placed in isolation.

9.      Former detainee at the jail C.J. describes in the declaration attached hereto as EXHIBIT 3, he has spent weeks in disciplinary isolation, without meaningful access to environmental stimulation, social contact, or educational instruction or programming. He describes being given a week of solitary because he was going to the bathroom when the corrections officer was doing the count.

10.     As a putative class member D.K. describes in the declaration attached hereto as EXHIBIT 4, he was in disciplinary isolation for months, in total, without meaningful access to environmental stimulation, social contact, or educational instruction or programming. His disabilities, including ADHD, make it difficult for him to regulate his emotions, and make the idleness in isolation especially difficult.

11.     As a putative class member O.C. describes in the declaration attached hereto as EXHIBIT 5, he was in disciplinary isolation for weeks, in total, without meaningful access to environmental stimulation, social contact, educational instruction or programming. He felt stressed, lonely, and isolated.

## CLASS COUNSEL

12.     The named Plaintiffs in this case are represented by attorneys from Legal Services of Central New York ("LSCNY"). As set forth in the attached declaration, EXHIBIT 6, counsel for the proposed class has significant experience litigating civil rights cases and class-action cases.

## EVIDENCE IN SUPPORT OF CLASS CLAIMS

13.     David Harder, the Broome County Sheriff, runs the Broome County Correctional Facility along with Mark Smolinksy, Chief Jail Administrator, and Kevin Moore, Deputy Jail Administrator. Attached as EXHIBIT 7 is a true and correct copy of the Broome County Sheriff's Office description of the Corrections Department, available at http://broome.ny.us/sheriff/corrections (last visited December 20, 2017).

14.     Each 16- and 17-year-old held at the Jail is subject to the Jail's disciplinary rules and punishment. Juveniles can be punished with disciplinary isolation

5

for a variety of rules infractions. Attached as EXHIBIT 8 is a true and correct copy of the

September 2017 Inmate Handbook.

15.     There were 164 unique 16 and 17 year olds admitted to the Broome

County Correctional Facility between January 1, 2015 and November 1, 2017.    Of those

164, 52 (32% ) were confined at the Jail on more than one occasion.    In the most recent

20 months for which plaintiffs have data (March 2016-November 2017) 110 unique

juveniles were incarcerated at the Jail. The average length of stay for those juveniles was

37.3 days. Attached as EXHIBIT 9 is a redacted true and correct copy list of juveniles

confined at the jail from January 1, 2015 to November 1, 2017. Attached as EXHIBIT 10

is the declaration of Jami Waldron a legal secretary at Legal Services of Central New

York who analyzed the data provided by the Sheriff's Office in EXHIBIT 9.

16.     Juveniles at the Jail are punished with disciplinary isolation in one of three

different placements: (1) "keep-lock," in their own cell; (2) keep-lock in the Segregation

Housing Unit ("SHU"); (3) administrative segregation ("ad seg") imposed pending a

disciplinary hearing, which can be served in their own cell or in the SHU; and (4)

protective custody. Attached as EXHIBIT 11 is a true and correct copy of the Broome

County Sheriff's Office Written Policy Statement Number II-9-F: Disciplinary Sanctions,

dated February 28, 2012. Attached as EXHIBIT 12 is a true and correct copy of the

Broome County Sheriff's Office Policy Statement Number II-9-B: Disciplinary Hearings,

dated June 16, 2016.    Attached as EXHIBIT 13 is a true and correct copy of the Broome

County Sheriff's Office Policy Statement Number II-8-A: Administrative Segregation,

dated February 28, 2012.

17.     The Sheriff's Office applies the same set of disciplinary policies to all detainees including juveniles and those with mental health or intellectual disabilities. Attached as EXHIBIT 14 is a true and correct copy of the Broome County Sheriff's Office Policy Statement Number No. II-9-A: Initiating Inmate Discipline, dated January 27, 2010. Attached as EXHIBIT 15 is a true and correct copy of the Broome County Sheriff's Office Policy Statement Number II-9-I: Categories of Offenses, dated October 1, 2001. Attached as EXHIBIT 16 is a true and correct copy of the Broome County Sheriff's Office Policy Statement Number II-6-A: Classification, dated October 1, 2001.

18.     The Sheriff's Office has no Americans' with Disabilities Act policy for accommodating individuals with disabilities. Attached as EXHIBIT 17 is a true and correct copy of a letter from the Broome County Sheriff's Office in response to an inquiry from Legal Services of Central New York into their policies related to detainees with disabilities.

19.     Juveniles not placed in disciplinary isolation are typically provided with some educational services. Attached as EXHIBIT 18 is a true and correct copy of the Broome County Sheriff's Office Written Policy Statement Number II-28-D: Educational Services for Youth, dated October 1, 2001.

20.     Other programs and activities are also available outside of isolation. Attached as EXHIBIT 19 is a true and correct copy of the Broome County Sheriff's Office Written Policy Statement Number II-28-A: Education and Counseling Programs, dated October 1, 2001. Attached as EXHIBIT 20 is a true and correct copy of the Broome County Sheriff's Office Written Policy Statement Number II-28-C: Inmate Program Application, dated October 1, 2001.

7

21.    A juvenile who is in disciplinary isolation is not allowed to attend educational programming. Attached as EXHIBIT 21 is a true and correct copy of a report by the State Commission of Corrections which indicates that inmates in isolation are denied educational programming as a matter of course.

22.    According to the New York State Department of Education 47% of the juveniles incarcerated in county jails are students with disabilities. Attached as EXHIBIT 22 is a true and correct copy of "Educational Programming for Students who are Incarcerated and/or Institutionalized through the Judicial System" a Report by the New York State Department of Education dated January 2005.

http://www.p12.nysed.gov/sss/ssae/AltEd/Incarcerated2005EMSC-VESID-BOR-Report.html

23.    This estimate is consistent with national studies on the prevalence of students with educational disabilities in the correctional system. According to a study commissioned by the U.S. Department of Justice, between 30% and 50% of all juveniles who are incarcerated are eligible to receive special education services. Attached as EXHIBIT 23 is a true and correct copy of Robert B. Rutherford Jr. et al, U.S. Office of Juv. Justice & Delinquency Prevention, *Youth with Disabilities in the Correctional System: Prevalence Rates & Identification Issues* 7 (July 2002),

http://citeseerx.ist.psu.edu/viewdoc/download?doi=10.1.1.552.19&rep=rep1&type=pdf

24.    A majority of juveniles involved in the criminal justice system have a mental illness or intellectual disability. Attached as EXHIBIT 24 is "A Blueprint for Change: Improving the System Response to Youth with Mental Health Needs involved in the Juvenile Justice System" a research publication published by the National Center for

Mental Health and Juvenile Justice, June 2006. https://www.ncmhjj.com/wp-content/uploads/2013/07/2006_A-Blueprint-for-Change.pdf

25.     This data lines up with estimates published by the Department of Justice which show that over half of jail inmates have some form of mental illness. Attached as EXHIBIT 25 is a true and correct copy of the    Bureau of Justice Statistics' special report titled *Mental Health Problems of Prison and Jail Inmates* (Dec. 14, 2006), http://www.bjs.gov/content/pub/pdf/mhppji.pdf.

26.     The Department of Justice has taken the position that public entities like the Sheriff's Office are responsible for providing appropriate educational services to youth with disabilities, and must not deny them access to these services for disability-related behavior. Attached as EXHIBIT 26 is a true and correct copy of the Statement of Interest of the United States of America submitted in *G.F. v. Contra Costa County*, No. 3:13-CV-3667, ECF Document No. 159 (filed Feb. 13, 2014), Available at: https://www.justice.gov/sites/default/files/crt/legacy/2014/02/14/contracosta_soi_2-13-14.pdf.

27.     Regarding inmates with disabilities the Department of Justice has taken the position that placing an individual in solitary confinement without accounting for their intellectual or mental health disabilities violates the Americans' with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. Attached as EXHIBIT 27 is a true and correct copy of the findings letter of the Department of Justice following the investigation of the Pennsylvania State Correctional Facility at Cresson available at: https://www.justice.gov/sites/default/files/crt/legacy/2013/06/03/cresson_findings_5-31-13.pdf

28.     The Department of Justice has also taken the position that a juvenile's age and developmental vulnerability are relevant factors for a Court to consider when faced with an 8th and 14th Amendment challenge to the use of solitary confinement on juveniles. Attached as EXHIBIT 28 is a true and correct copy of the Statement of Interest of the United States of America submitted in *V.W. v. Conway*, No. 9:16-CV-01150, https://www.justice.gov/opa/file/922386/download.

29.     The Broome County Sheriff's Office is aware of the risks posed to juveniles subjected to solitary confinement, and ignores them. In August 2017, when questioned by the New York Times about their juvenile solitary practices David Harder stated there had to be a punishment for detainees who broke the rules. Attached as EXHIBIT 29 is a true and correct copy of the New York Times Article, "Upstate County Jails are challenged for Sending Juveniles to Solitary" dated July 31, 2017. Available at: https://www.nytimes.com/2017/07/31/nyregion/upstate-ny-county-jails-juveniles-solitary-confinement.html

30.     The Jail's complete failure to provide educational services in solitary denies students with disabilities the Free Appropriate Public Education they are entitled to under the IDEA.    Attached as EXHIBIT 30 is the Individualized Educational Plan of named plaintiff B.C.

31.     The Jail further punishes juveniles who are placed in the SHU by placing them in shackles during their sole hour of recreation for days and weeks at a time. Attached as EXHIBIT 31 is a true and correct copy of the Broome County Sheriff's Office Written Policy Statement Number III-7-I: Restraints, dated October 1, 2001.

32.     In order to ensure the issues addressed in the Plaintiffs' Complaint are addressed by this Court, it is respectfully requested that this Court grant Plaintiffs' motion for class certification.

33.     No prior application for the relief requested herein has been made to this, or any other Court.

Dated: January 3, 2017
      Syracuse, New York

                                  Respectfully submitted,

                                  Joshua T. Cotter, Esq.
                                  LEGAL SERVICES OF CENTRAL NEW YORK
                                  221 S. Warren Street, 3rd Floor
                                  Syracuse, NY 13202
                                  Tel:  (315) 703-6500
                                  jcotter@lscny.org