UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

A.T., a minor, by and through his parent and
natural guardian SHA-KEEMA TILLMAN;
B.C., a minor, by and through his parent and
natural guardian KRISTI COCHARDO; on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

      v.

DAVID HARDER, Broome County Sheriff, in his
official capacity; MARK SMOLINSKY, Jail
Administrator of the Broome County Correctional
Facility, in his official capacity; KEVIN MOORE,
Deputy Administrator, in his official capacity; and
CHENANGO VALLEY CENTRAL SCHOOL
DISTRICT,

                Defendants.

------------------------------------------------------------x

**DECLARATION OF JAMI WALDRON IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

17-CV-0817 (DNH) (DEP)

    **JAMI WALDRON**, declare as follows under penalty of perjury:

    1.    I submit this declaration in support of Plaintiffs' Motion for a Preliminary Injunction. I am a legal secretary employed at Legal Services of Central New York, Inc., and as such am familiar with the facts of this matter.

2. Our office received the disciplinary and administrative records of A.T and B.C. through expedited discovery. Excerpts of those records are attached as Exhibits 18-22 to the Declaration of Joshua Cotter (Cotter Decl).

3. After analyzing B.C.'s disciplinary records I found that he spent at least 247 days in solitary confinement while held at the Broome County Correctional Facility. He was shackled during his one hour of recreation for 64 of the days he was in solitary confinement.

4. After analyzing A.T.'s disciplinary records I found that he spent at least 200 days in solitary confinement while held at the Broome County Correctional Facility. He was shackled during his one hour of recreation for 49 of the days he spent in solitary confinement.

5. Our office also received disciplinary data from the Sheriff's Office listing the time served in solitary confinement for juveniles from January 1, 2015 to October 31, 2017 this data is attached hereto as EXHIBIT A.

6. Our office also received disciplinary records for other juveniles in the Sheriff's Office's response to our motion for class certification these records are attached hereto as EXHIBIT B.

7. Based on my review of the data and the records of B.C., the data is incomplete. The data does not include three 24 Hour Keep-Locks served by B.C., or two stays in "Administrative Segregation" both of which were over three weeks *See* B.C. Disciplinary at 1-3, 18, 20 attached as Ex. 18 to Cotter Decl.

8. Based on my review of the available disciplinary records no sanction independent of disciplinary isolation was ever imposed by the Sheriff's Office. Lesser sanctions were given in addition to, not as an alternative to, solitary confinement.

9. The records reflect that the Sheriff's Office has continued to use solitary confinement following the filing of this lawsuit.

Dated: February 5, 2018
      Syracuse, New York

Respectfully submitted,

*Jami Waldron*
Jami Waldron
LEGAL SERVICES OF CENTRAL
NEW YORK
221 S. Warren Street, 3rd Floor
Syracuse, NY 13202
Tel: (315) 703-6500
jwaldronr@lscny.org