UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
A.T., a minor, by and through his parent and
natural guardian Sha-Keema Tillman, et al.,
on behalf of themselves and all others
similarly situated,
                Plaintiffs,                17-CV-0817 (DNH) (DEP)

      v.

DAVID HARDER, Broome County Sheriff, in his
official capacity, et al.

                Defendants.
----------------------------------------------------------- x



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
FEB 09 2018
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Utica

## STIPULATION AND ORDER FOR AN INTERIM SETTLEMENT AGREEMENT

      WHEREAS, Plaintiffs filed a class action Complaint alleging that, by locking juveniles in closed cells for disciplinary purposes, the Sheriff's Office violated the Plaintiffs' rights under the Americans' with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Eighth and Fourteenth Amendment rights of Plaintiffs and that, by denying juveniles educational instruction without procedural protections and special education and related services, Defendants violated the rights of juveniles under the Fourteenth Amendment and the Individuals with Disabilities Education Act;

      WHEREAS, Plaintiffs and Defendant Chenango Valley Central School District have agreed to enter into this Stipulation and Order as an interim agreement;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:**

## DEFINITIONS

**Action** refers to and includes *A.T., et al. v. Harder, et al.*, No. 17-CV-0817, filed with the United States District Court for the Northern District of New York.

**Plaintiffs** refers to the named Plaintiffs and the proposed class and subclass.

**Jail** refers to the Broome County Correctional Facility.

**School District** refers to the Chenango Valley Central District.

**Defendant** refers to the Chenango Valley Central District.

**Parties** refers to the Plaintiffs and the Defendant Chenango Valley Central School District in this Action.

**Juvenile(s)** refers to any person or persons under eighteen years of age.

**Effective Date** refers to the day on which the Parties shall submit this Stipulation and Order for the Court's approval.

**Edgenuity Program** is an online, curriculum delivery system that offers core, elective, and AP courses. It offers pre-made and customized courses that are aligned with the Common Core and state standards. The system uses a combination of direct-instruction videos, assessments, and performance tasks. Students can work at their own pace with a teacher monitoring their progress and answering questions as they progress.

## I. INTERIM ACTIONS

1. The School District will offer, and maintain sufficient staff to offer, all eligible juveniles with three hours of instruction per school day, beginning no later than ten (10) calendar days after the juveniles has been incarcerated, including during the summer session.

2. In the case of a juvenile who was classified as a Student with a Disability prior to incarceration, the instruction offered to the juvenile will be provided by a Certified Special Education Teacher, or via a consultant Teacher and the School District will offer to the juvenile the related services set forth on the juvenile's most recent Individualized Education Plan. The indirect consultant teacher will consult with the general education teacher to facilitate the provision of Special Education Instruction at least twice weekly or more as necessary to the extent services are permitted in the jail setting and are consistent with the students IEP.

3. In the case of a juvenile who is not classified as a Student with a Disability prior to incarceration, the School District will maintain procedures for the referral and identification of juveniles suspected of having a disability for an evaluation and determination of eligibility for special education in accordance with the requirements of 8 NYCRR § 200.4, including the requirements set forth therein. The instructional staff of the School District at the Jail, the juvenile's parent or guardian and the student's home District, or any other person allowed to make referrals under 8 NYCRR § 200.4 may refer an individual for evaluation. The referrals will be directed to the Administrator overseeing the Jail's instructional program, and the Administrator will be considered the building administrator within the meaning of 8 NYCRR § 200.4. The Administrator and the Home School District's Director of Special Education will be responsible for

obtaining consent to evaluate from the juveniles' parent, and for proceeding with the necessary evaluations upon obtaining such consent in accordance with the requirements in 8 NYCRR § 200.4.

4. In the case of a juvenile who was classified as a Student with a Disability prior to incarceration, and who is due for an annual review, or a reevaluation, the School District will arrange such annual review or reevaluation in cooperation with the Students' Home District, in accordance with the requirements of 8 NYCRR § 200.4, including the requirements set forth therein.

5. The School District will take attendance of the juveniles in the educational programs, programming offered by the School District, and special education related services at the Jail, and provide such records to counsel for the Plaintiffs on a regular basis. In the event that the Sherriff's Office "locks down" the Jail, or otherwise fails to make juveniles available for instruction or programming, such events will be noted on the attendance records.

6. In the case of juveniles who are expected to be incarcerated for more than ten (10) calendar days, instructional staff will meet with the juvenile at the time instruction is offered to advise them of the high school credit-bearing instruction and programs available from the School District for juveniles at the Jail. The School District will create a written program participation form, explaining the programs and their availability (including days and times), and permitting juveniles to select in writing the programs in which they would like to participate. The programs may be provided "online" through the Edgenuity Program or similar online services. Such program participation forms will be provided to juveniles as soon as practicable after their initial reception period through

the Edgenuity Program. The School District will create a written form, explaining the benefits and availability of high school credit-bearing instruction, to be acknowledged and signed by the juvenile at the commencement of instruction. In the case of juveniles who are residents of the School District, during this initial meeting the School District will complete any necessary documentation to allow the juvenile, upon discharge, to resume attending the juvenile's high school without the necessity of re-enrolling as a student of the School District. The School District will create a form, to be placed in the juvenile's property, informing the juvenile of the school they will be enrolled in following their discharge.

7. This interim agreement shall remain in effect until October 31, 2019 or until a final agreement is reached between the plaintiffs, Chenango Valley School District, and the Broome County Sheriff's Office.

## II. REPORTING AND MONITORING

8. By no later than the seventh day of each month, the School District shall provide Plaintiff counsel with:
   a. The attendance forms, required by paragraph 5, that were filled out for juveniles for the previous month;
   b. All written forms on which juveniles acknowledge the availability of high school credit bearing instruction for the previous month;
   c. All program participation forms filled out by juveniles for the previous month.
9. The Administrator will be the School District's compliance coordinator for the purposes of this Agreement, and counsel for the Plaintiffs may email the Administrator with any questions regarding compliance with this Agreement, with a copy of the email to counsel

for the School District. If the School District changes its compliance coordinator, the School shall promptly notify Plaintiffs' counsel of the identity of the new compliance coordinator.

10. For and in consideration for the promises contained herein, the plaintiffs named herein shall release and forever discharge the Chenango Valley Central School District, its officers, Board Members, employees and agents from all actions, causes of actions, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, including but not limited to claims of discrimination upon any ground or protected category, agreements, promises, trespasses, judgments, executions, claims and demands whatsoever, in law or in equity, which against the said Chenango Valley Central School District, its officers, Board Members, employees and agents said plaintiffs may have had, now have or at any time in the past held through the date of this release. It is also understood and agreed that this release is however, only limited by the issue of attorney's fees. Only the issue of the plaintiff's attorney's fees will remain unresolved following the execution of this agreement. The parties agree that they will negotiate in good faith regarding the portion of attorney's fees to be paid by the Chenango Valley Central School District defendants, together with any appropriate negotiated costs associated therewith for plaintiff's attorney's fees. Other than this issue, all claims referenced in the complaint filed herein, or which could have been asserted by the plaintiffs herein, are waived and released as provided for herein.

## IV. PARTICIPATION IN ONGOING LITIGATION

11. To the extent necessary, the School District shall produce such documentary evidence and witnesses' testimony as are deemed necessary by the Plaintiffs during the remainder of this litigation.

## V. ENTIRE AGREEMENT

12. This Stipulation and Order embodies the entire agreement of the Parties. No prior or contemporaneous agreements, oral or written, entered into prior to the execution of this Stipulation and Order regarding the subject matter of this Action shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein. Captions are included herein solely for convenience of reference and shall not be used to limit the terms of the Stipulation and Order.

## VI. ELECTRONIC SIGNATURE

13. The Parties agree to use their electronic signature to demonstrate their consent to this Stipulation and Order.

/s/ *Joshua T. Cotter, Esq.*
Joshua T. Cotter, Esq.
George Haddad, Esq.
Susan M. Young, Esq.
Samuel C. Young, Esq.
LEGAL SERVICES OF CENTRAL NEW YORK
221 S. Warren Street
Syracuse, New York 13202
Tel: (315) 703-6500
jcotter@lscny.org
ghaddad@lscny.org
syoung@lscny.org
samyoung@lscny.org

*Attorneys for Plaintiffs*

Dated: February 9, 2018
Utica, N.Y.

/s/ *Frank Miller, Esq.*
Frank Miller, Esq.
Law Office of Frank Miller
6575 Kirkville Road
East Syracuse, New York 13057
Tel. (315)-234-9900
fmiller@fwmillerlawfirm.com

*Attorney for Defendant Chenango Valley School District*

SO ORDERED this 9th day of February, 2018

_David N. Hurd_
HON. DAVID HURD
UNITED STATES DISTRICT JUDGE

8