UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A.T., a minor, by and through
his parent and natural guardian
Shakeema Tillman, and B.C.,
a minor, by and through Kristi
Cochardo,

                Plaintiffs,

                -v-                                  9:17-CV-817

DAVID HARDER, Broome
County Sheriff, in his official
capacity, MARK SMOLINSKY,
Jail Administrator of the
Broome County Correctional
Facility, in his official capacity,
and KEVIN MOORE, Deputy
Administrator, in his official
capacity,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LEGAL SERVICES OF CENTRAL NEW YORK<br>Attorneys for Plaintiffs<br>221 South Warren Street, Suite 300<br>Syracuse, NY 13202 | JOSHUA T. COTTER, ESQ.<br>SAMUEL C. YOUNG, ESQ.<br>SUSAN M. YOUNG, ESQ. |
| LEGAL SERVICES OF CENTRAL NEW YORK<br>Attorneys for Plaintiffs<br>168 Water Street<br>Binghamton, NY 13901 | GEORGE B. HADDAD, ESQ. |
| BROOME COUNTY ATTORNEY'S OFFICE<br>Attorneys for Defendants<br>Broome County Office Building<br>60 Hawley Street, P.O. Box 1766<br>Binghamton, NY 13902 | ROBERT G. BEHNKE, ESQ. |

DAVID N. HURD
United States District Judge

## **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On July 25, 2017, named plaintiffs commenced this action on behalf of themselves and a proposed class of fellow 16- and 17-year-olds at continued risk of enduring some form of solitary confinement at the Broome County Jail, a facility operated by defendants Broome County Sheriff David Harder, Jail Administrator Mark Smolinsky, and Deputy Jail Administrator Kevin Moore (the "Broome County defendants").

Plaintiffs sought declaratory and injunctive relief to end the Broome County defendants' allegedly routine practice of imposing solitary confinement on juveniles being held at the Jail. Plaintiffs further alleged that defendants denied juveniles in solitary confinement access to certain educational opportunities and related special educational support services required by federal law.

In a Memorandum–Decision & Order issued on April 4, 2018, plaintiffs' motions for class certification and for a preliminary injunction were granted. A.T. v. Harder, 298 F. Supp. 3d 391 (N.D.N.Y. 2018). Thereafter, the parties negotiated an interim settlement agreement and worked toward a set of final terms that would provide significant relief to members of the now-certified class and subclasses.

On July 9, 2018, the parties jointly moved for preliminary approval of a final class action settlement agreement (the "Settlement Agreement"). Dkt. No. 69. This joint motion was granted on October 16, 2018 (the "October 16 Order"). Dkt. No. 71. At that time, the Court approved the parties' proposed Notice to the Class of the Settlement Agreement (the

"Notice") and directed the Broome County defendants to distribute the Notice in accordance with the parties' proposed terms.

The October 16 Order provided an appropriate time period in which class members could lodge written objections to the Notice's terms. The Order also set Tuesday, December 18, 2018 at 1:00 p.m. as the date and time that a Fairness Hearing would be conducted on the record in Utica, New York to determine whether final approval of the Settlement Agreement should be granted.

In anticipation of the Fairness Hearing, the parties jointly moved for final approval of the class action settlement by submitting a memorandum of law, a supporting declaration, and a proposed order. Dkt. No. 74. In a separate filing, the parties have also agreed to an award of fees and costs to plaintiffs' counsel in the full amount of $75,000. Dkt. No. 72.

On December 18, 2018, at 1:00 p.m., a Fairness Hearing was conducted on the record in Utica, New York. At that time, no class members had lodged any written objections to the Settlement Agreement.[1] Further, no class member or any other party was heard to object to the Settlement Agreement either before or during the Fairness Hearing. Finally, a review of the parties' joint motion papers and attached submissions confirm that the Settlement Agreement satisfies the requirements of the Prison Litigation Reform Act. See 18 U.S.C. § 3626(a)(1)(A).

After considering these facts, the parties' submissions, the statements on the record, and the factors set forth in Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is fair, reasonable, and adequate to the class and to the subclasses. See

---

[1] One class member wrote to plaintiffs' counsel's office about an unrelated matter.

Wal-Mart Stores, Inc. v. Visa USA Inc., 396 F.3d 96, 117 (2d Cir. 2005) (setting forth nine factors to be considered in assessing the fairness of a proposed class settlement).  Accordingly, the parties' joint motion for final approval of the class action settlement will be granted.

Therefore, it is

ORDERED that

1.  The Settlement Agreement filed by the parties on July 9, 2018 (Dkt. No. 74) is APPROVED as fair, reasonable, and adequate to the class of "All 16- and 17-year-olds who are now or will be incarcerated at the Broome County Correctional Facility," to the subclass of "All 16- and 17-year-olds with disabilities, as defined by the Individuals With Disabilities Education Act, who are now or will be incarcerated at the Broome County Correctional Facility, and who are in need of special education and related services"; and to the subclass of "All 16- and 17-year-olds with psychiatric and/or intellectual disabilities, as defined by the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, who now or will be incarcerated at the Broome County Correctional Facility, who are at risk of being placed in disciplinary isolation because of their disability"; and

2.  The parties' agreement on fees and costs (Dkt. No. 72) is APPROVED.

The Clerk of the Court is directed to terminate any pending motions and close the file.

IT IS SO ORDERED.

United States District Judge

Dated:  December 18, 2018
        Utica, New York.